**07 CIV 9293**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
RAMON BERRIOS and HECTOR AZCONA      :
DIAZ Individually and on Behalf of All Other   :
Persons Similarly Situated,                           :
                                                                 :
                                        Plaintiffs,           :
                                                                 :          **COMPLAINT AND**
                   -against-                                 :          **JURY DEMAND**
                                                                 :
DYNAMEX, INC., LANDAUER               :
METROPOLITAN, INC. and DOES 1 through   :
100, jointly and severally.                          :
                                                                 :
                                        Defendants.        :
-------------------------------------------------------X

## NATURE OF THE ACTION

1.       Plaintiffs allege that they are current and former non- exempt employees of the

Defendant, Dynamex Inc. ("Dynamex") throughout the United States, who have been improperly

classified as "independent contractors" and were drivers or held comparable positions with

different titles and who used their personal vehicles with Gross Vehicle Weight Ratings

("GVWR") of less than 10,000 pounds, in the course and scope of their work, along with a  class

of "salaried" drivers ("Plaintiffs") for Dynamex and were not paid overtime under the Fair Labor

Standards Act ("FLSA").

2.       Plaintiffs also allege that Dynamex is a regulated motor carrier that provides

transportation of property in interstate commerce under authority issued by the U.S. Department

of Transportation ("DOT"). Dynamex transports property in equipment leased from independent

truckers known as "owner-operators" ("Owner-Operators"),   including the named Plaintiffs and

others similarly situated. Under federal law and regulations, "authorized motor carriers" such as

Dynamex, may perform authorized transportation in equipment they do not own, only if the

equipment is covered by a written lease meeting the requirements set forth in 49 C.F.R. § 376, et. seq. ("TITL"). Authorized motor carriers are required by 49 C.F.R. §376.12 to follow these required lease provisions.

3.    The Plaintiffs, classified by Dynamex as exempt from the overtime requirements of the FLSA, are either non-exempt within the meaning of the FLSA or are owner-operators within the meaning of TITL.

4.    Plaintiffs allege on behalf of themselves and other similarly situated current and former employees of the Defendants who elect to opt into this action pursuant to the FLSA, 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendants for all of the time that they worked and were not compensated at all, for overtime premiums pay and for improper deductions Defendants made from their wages, and for reimbursement of business expenses incurred for, and on behalf of the Defendants, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

5.    Plaintiffs further complain on behalf of themselves, and a class of other similarly situated current and former driver employees of the Defendants, who were employed in the State of New York, pursuant to Fed.R.Civ.P. 23, that they are entitled to back wages from Defendants for all of the time that they worked and were not compensated, for overtime premium pay, for improper deductions from their wages and for reimbursement of expenses incurred for, and on behalf of Defendants as required by the New York Labor Law §§ 650 *et seq.* and the supporting New York State Department of Labor regulations.

6.    Plaintiffs also complain that Dynamex has engaged in a pattern and practice of conduct violating its obligations owed to Plaintiffs and others similarly situated, under 49 C.F.R. §376.12.

**JURISDICTION AND VENUE**

7.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.

§§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant

to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiffs' claims under the

FLSA pursuant to 29 U.S.C. § 216(b).

8.      With respect to claims under the TITL, this action arises under 49 U.S.C. § 14102

and 14704 *et seq.*, and 49 C.F.R. Part 376 *et seq.*, for violation of the statutes and regulations

governing the terms and conditions under which truck owner-operators lease equipment to

authorized motor carriers for the transport of property.

9.      The TITL causes of action arise under the laws of the United States regulating

commerce and the activities of motor carriers engaged in the transportation of property in

interstate commerce including, 49 U.S.C. 13501, 14102 and 14704 (a)(1) and (2), and 49 C.F.R.

§ 376 *et seq.* Violations of these federal regulations are subject to private actions under 49 U.S.C.

§ 17404 (a)(1) and (2).

10.     Venue is proper in this district pursuant to 28 U.S.C. §1391.

11.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.

§§ 2201 and 2202.

**THE PARTIES**

12.     Plaintiff, Ramon Berrios was, at all relevant times, an adult individual, residing in

Bronx, New York.

13.     Plaintiff, Hector Azcona Diaz was, at all relevant times, an adult individual,

residing in Bronx, New York.

3

14.    Upon information and belief, Defendant Dynamex, Inc. is a Delaware corporation, with a principal place of business at 1870 Crown Drive, Dallas, Texas and has a place of business at 302 Fifth Avenue, New York, New York.

15.    Upon information and belief, Defendant Landauer Metropolitan, Inc. ("LMI") is a New York corporation, with a principal place of business at One Bradford Road, Mt. Vernon, New York, and also operates a regional distribution and customer service center in Great Neck, New York.

16.    Upon information and belief DOES 1 – 100 are or were the officers, owners, executives, directors, members, partners, or shareholders of Defendants and who acted on behalf of Defendants in the establishment, ratification or execution of illegal payroll practices and polices alleged herein. Plaintiffs believe that DOES 1 – 100 have held executive positions with Defendants which included decision-making responsibility for, and establishment and execution of, illegal payroll practices and polices applied to Plaintiffs, and are, therefore, liable on the causes of action alleged herein. Plaintiffs further believe that Defendants are Plaintiffs' joint employers by virtue of a joint enterprise and because Plaintiffs perform and have performed services for each and every Defendant, and for the mutual benefit of all Defendants, and all Defendants share control of Plaintiff employees, either directly or indirectly, and because of the manner in which Defendants' businesses are conducted.

17.    The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 – 100, inclusive, are unknown to Plaintiffs, who therefore sue the DOE Defendants by fictitious names. Plaintiffs will amend this Complaint to show their true names and capacities when they have been ascertained.

## COLLECTIVE ACTION ALLEGATIONS

18.     Pursuant to 29 U.S.C. §207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants in the United States at any time since October 16, 2004 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who have not been paid for all of the time they actually worked,  were not compensated for overtime wages and/or had improper deductions made from their wages and/or were not reimbursed for expenses incurred for and on behalf of Defendants (the "Collective Action Members").

19.     This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are at least 200 members of the Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

20.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of wage and hour law and class action litigation.  Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

21.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the

members of the collective action to individually seek redress for the wrongs done to them.  There will be no difficulty in the management of this action as a collective action.

22.    Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

    a.  whether the Defendants improperly classified the Collective Action Members as "independent contractors" instead of "employees";

    b.  whether the Defendants employed the Collective Action Members within the meaning of the FLSA;

    c.  whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and the Collective Action Members;

    d.  what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    e.  whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of 29 C.F.R. § 516.4;

    f.  whether Defendants failed to pay the Collective Action Members for all of the time that they actually worked and were not compensated at all as well as for overtime compensation for hours worked in excess of forty hours per work week, in violation of the FLSA and the regulations promulgated thereunder;

    g.  whether Defendants made improper deductions from the wages of the Plaintiffs and/or failed to reimburse them for expenses incurred for and on behalf of Defendants.

    h.  whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

    i.  whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

    j.  whether Defendants should be enjoined from such violations of the FLSA in the future.

23.    Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## NEW YORK STATE LABOR CLAIMS

24.    Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

25.    Plaintiffs bring their New York Labor Law ("NYLL") claims on behalf of all persons who were employed by Defendants in the State of New York as drivers or in comparable positions with different titles, at any time since October 16, 2001, to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the New York Labor Law and have not been paid for all of the time they actually worked, were not compensated for overtime wages and/or had improper deductions made from their wages and/or

were not reimbursed for expenses incurred for and on behalf of Defendants in violation of the

(The New York Labor Law Class "NYLL Class").

26.     The persons in the NYLL Class identified above are so numerous that joinder of

all members is impracticable. Although the precise number of such persons is unknown, and the

facts on which the calculation of that number are presently within the sole control of the

Defendants, upon information and belief, there at least 100 members of Class during the Class

Period.

27.     The claims of Plaintiffs are typical of the claims of the NYLL Class, and a class

action is superior to other available methods for the fair and efficient adjudication of the

controversy—particularly in the context of wage and hour litigation where individual plaintiffs

lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate

defendants.

28.     The Defendants have acted or refused to act on grounds generally applicable to

the NYLL Class, thereby making appropriate final injunctive relief or corresponding declaratory

relief with respect to the class as a whole.

29.     Plaintiffs are committed to pursuing this action and have retained competent

counsel experienced in employment law and class action litigation.

30.     Plaintiffs have the same interests in this matter as all other members of the class

and Plaintiffs' claims are typical of the NYLL Class.

31.     There are questions of law and fact common to the NYLL Class which

predominate over any questions solely affecting the individual members of the NYLL Class,

including but not limited to:

a. whether the Defendants improperly classified the members of the NYLL Class as "independent contractors" instead of "employees";

b. whether the Defendants employed the members of the NYLL Class within the meaning of the New York Labor Law;

c. whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and members of the NYLL Class;

d. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

e. whether Defendants failed and/or refused to pay the members of the NYLL Class for all of the hours that they actually worked, as well as for premium pay for hours worked in excess of forty hours per workweek within the meaning of the New York Labor Law;

f. whether Defendants made improper deductions from the wages of the Plaintiffs and/or failed to reimburse them for expenses incurred for and on behalf of Defendants.

g. whether the Defendants are liable for all damages claimed hereunder, including but not limited to, interest, costs and disbursements and attorneys' fees; and

h. whether the Defendants should be enjoined from such violations of the New York Labor Law in the future.

## FEDERAL REGULATORY SETTING OF TITL

32.     Under federal law, an authorized motor carrier may  provide transportation in equipment it does not own only pursuant to a written lease that meets the requirements of 49 C.F.R. §376.12, 49 C.R.F. §376.11(a) and  49 U.S.C. § 14102. A person injured as a result of an authorized carrier's violation of these federal leasing regulations may bring an action seeking injunctive relief and damages pursuant to 49 U.S.C. § 14704(a)(1) and (2), and are entitled to attorneys' fees and costs, if successful, as authorized by 49 U.S.C. § 14704(c).

33.     Federal leasing regulations also provide that such leases contain specific provisions and that regulated motor carriers adhere to these terms. 49 U.S.C. §376.11 and 376.12.

## STATEMENT OF FACTS

### A.     Owner/Drivers

34.     Plaintiffs and other similarly situated owner-operators are "owners" within the meaning of 49 C.F.R. §376.2 (d), and "lessors" within the meaning of 49 C.F.R. §376.2 (f).

35.     Each lease entered between Plaintiffs and other similarly situated owner-operators and Dynamex constitutes a "lease" within the meaning of 49 C.F.R. §376.2(e).

36.     The vehicles that Plaintiffs and other similarly situated owner-operators, provided to Dynamex for its use, are "equipment" within the meaning of 49 C.F.R. §376.2(b).

37.     Upon information and belief, the leasing agreements between Plaintiffs and Dynamex are substantively identical to leasing agreements entered into between Dynamex and all other similarly situated owner operators or Dynamex failed to provide leases to Plaintiffs and other similarly situated owner operators as required by the relevant statutes and supporting regulations.

38.    Dynamex is a regulated motor carrier, primarily engaged in the enterprise of providing transportation services to the shipping public under authority granted by Department of Transportation ("DOT") (formerly by the Interstate Commerce Commission). During all times material to this case, Dynamex is and, has been, an "authorized carrier" within the meaning of 49 C.F.R. §376.2(a).

39.    At all relevant times, Dynamex was a leading provider of delivery and courier services throughout the United States. Pursuant to its October 21, 2003 10-K form, filed with the SEC, Dynamex had, 1,200 drivers and "approximately 3,450 independent owner–operator drivers" with approximately 2,500 of these drivers located in the United States. In its 10-K, Dynamex also states that "substantially all of the Company's drivers own their own vehicles and … approximately 82% of these owner-operators were independent contractors as opposed to employees of the Company."

40.    At all relevant times, pursuant to its web site, Defendant LMI "is the largest privately held home medical equipment company in the New York metropolitan area".

41.    Upon information and belief, at all relevant times, LMI outsourced all of their delivery functions to Defendant Dynamex. These Dynamex drivers (including the named Plaintiffs) reported directly to the LMI facility in Mt. Vernon, NY and delivered LMI products exclusively to LMI customers. Dynamex was the sole delivery agent for LMI and Plaintiffs performed work solely for Dynamex.

42.    Upon information and belief, during all relevant time periods, Dynamex maintained two payrolls for its driver staff. One payroll included drivers whom Dynamex characterized as employees and for whom employee payroll taxes were deducted ("salaried

drivers"), and another payroll for drivers for whom Dynamex characterized as "independent contractors" and for whom no payroll taxes were deducted or withheld.

43.    Plaintiff Azcona was characterized as an "independent contractor" by Dynamex. At various times in his employment, Plaintiff Berrios was characterized as both an "independent contractor" and a "salaried driver".

44.    Dynamex exercised all necessary control over the work performed by its drivers, including those characterized as "independent contractors".

45.    Plaintiffs had no opportunity for profits or loss in the business.

46.    Plaintiffs needed no special skills to carry out their functions as drivers for Defendants, nor did Defendants require the Plaintiffs to have any such special skills.

47.    During all relevant times, Plaintiffs worked as drivers for the Defendants on a full-time basis and were not engaged in any other occupation or business apart from the business of the Defendants.

48.    The work performed by the Plaintiffs was an integral part of the Defendants' businesses and was performed in the normal course of the Defendants' businesses.

49.    Plaintiffs were required to carry dedicated walkie–talkies containing software known as "Roadnet". This software was integrated with a global positioning satellite system ("GPS") that allowed Defendants to control and track every movement of the Plaintiffs. Among other things, Defendants used the Roadnet system to alter Plaintiffs' course of deliveries. Plaintiffs were required to use Roadnet to advise Defendants of every scheduled delivery, including arrival and departure times.

50.    Both the salaried and independent contractor Dynamex drivers are required by Defendants to furnish their own van, usually with a GVWR of less than 10,000 pounds.

51.    All Dynamex drivers purchase and/or finance their own van, as well as pay for their own insurance, registrations, inspections, repairs, maintenance, gas, oil and all other operating expenses.

52.    Defendants hire, fire and discipline all drivers at their sole discretion.

53.    As a result of the economic reality of the relationship between the drivers and Defendants, as well as the practices or policies created and maintained by Defendants, all drivers should be considered be classified as employees of the Defendants, rather than independent contractors.

54.    As a result of misclassifying Plaintiffs as "independent contractors", Defendants have failed to withhold appropriate federal, state and local payroll taxes from the Plaintiffs in violation of tax statutes and have failed to maintain appropriate workman's compensation and disability insurance for the Plaintiffs.

55.    Plaintiffs' duties did not include managerial responsibilities or the exercise of independent judgment.

56.    Plaintiffs often worked in excess of 40 hours a week, yet the Defendants willfully failed to pay Plaintiffs for all of the hours actually worked by Plaintiffs as well as for all of the overtime compensation of one and one-half times their regular hourly rate in violation of the FLSA, the New York Labor Law and the supporting New York State Department of Labor regulations.

**B.    Named Plaintiffs**

57.    Plaintiff, Ramon Berrios was employed by Dynamex as a driver from in or about July, 2005 as an "independent contractor" until on or about Sept., 2005, at which time Dynamex deemed him to be an employee and he became a "salaried driver" until on or about Nov., 2005,

13

at which time Dynamex switched him back as an "independent contractor" until on or about

August 15, 2007 when Dynamex terminated his services. The services performed by Plaintiff,

Ramon Berrios, both as a "salaried" driver and as an "independent contractor" for Dynamex

were identical.

58.    Plaintiff, Hector Azcona Diaz, was employed by Dynamex as an "independent

contractor" driver from on or about May, 2006 until the present.

59.    Throughout the above time periods and upon information and belief, both before

that time (throughout the Class Period) and continuing until today, the Defendants have likewise

employed other individuals, like the Plaintiffs (the Collective Action Members/the Class) in

positions that required little skill and their duties and responsibilities did not include any

managerial responsibilities or the exercise of independent judgment. They do not have the

authority to hire or fire other employees, and they are not responsible for making hiring and

firing recommendations.

60.    Such individuals have worked in excess of 40 hours a week yet the Defendants

have likewise willfully failed to pay them for all of the hours actually worked by them as well as

for overtime compensation of one and one-half times their regular hourly rate in violation of the

FLSA and the NYLL.  As stated, the exact number of such individuals is presently unknown, but

is within the sole knowledge of the Defendants and can be ascertained through appropriate

discovery.

61.    Throughout all relevant time periods, upon information and belief, and during the

course of Plaintiffs' own employment, while Defendants employed Plaintiffs and the Collective

Action Members/the Class, the Defendants failed to maintain accurate and sufficient time

records and failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

62.     Throughout all relevant time periods, Dynamex deducted from the compensation that paid the Plaintiffs, and upon information and belief, and from all other "independent contractor" drivers, 3% of their gross compensation, $14 per week for worker's compensation insurance and $12.50 per week for the walkie-talkie that Dynamex had supplied them and required them to carry at all times.

## FIRST CLAIM FOR RELIEF:
## FAIR LABOR STANDARDS ACT

63.     Plaintiffs, on behalf of themselves and all Collective Action Members, reallege and incorporate by reference paragraphs 1 through 62 as if they were set forth again herein.

64.     At all relevant times, Defendants have been and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

65.     At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

66.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

67.     Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. §216(b). Plaintiffs' written consents are attached hereto and incorporated by reference.

68.     At all relevant times, the Defendants had a policy and practice of refusing to pay for all of the hours actually worked as well as for overtime compensation to its driver employees for their hours worked in excess of forty hours per work week and to make improper deductions

from their wages and/or failing to reimburse them for business expenses incurred for and on behalf of Defendants.

69.     As a result of the Defendants' willful failure to compensate its employees, including Plaintiffs and the Collective Action members, for all of the hours actually worked by them and at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, and/or to make improper deductions from their wages and/or to reimburse them for expenses incurred for and on behalf of Defendants, the Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

70.     As a result of the Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiffs and the Collective Action members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

71.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

72.     Due to the Defendants' FLSA violations, Plaintiffs, on behalf of themselves and the Collective Action Members, are entitled to recover from the Defendants, their unpaid wages for hours actually worked and which they received no compensation at all as well as overtime compensation, amounts improperly deducted from their wages, amounts for expenses incurred by them for and on behalf of Defendants, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF:
## NEW YORK LABOR LAW

73.    Plaintiffs, on behalf of themselves and the members of the Class, reallege and incorporate by reference paragraphs 1 through 62 as if they were set forth again herein.

74.    At all relevant times, Plaintiffs and the members of the Class were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

75.    Defendants willfully violated Plaintiffs' rights and the rights of the members of the Class, by failing to pay them for all of the hours actually worked by them as well as for overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week as well as making improper deductions from their wages and failing to reimburse them for expenses incurred for and on behalf of Defendants in violation of the NYLL and its regulations.

76.    The Defendants' New York Labor Law violations have caused Plaintiffs and the members of the Class, irreparable harm for which there is no adequate remedy at law.

77.    Due to the Defendants' NYLL violations, Plaintiffs and the members of the Class are entitled to recover from Defendants their unpaid wages as well as overtime compensation, improper wage deductions, and reimbursement for expenses incurred for and on behalf of Defendants, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

17

## THIRD CLAIM FOR RELIEF:
## TRUTH IN TRUCK LEASING

78.    Plaintiffs, on behalf of themselves and all others similarly situated, reallege and incorporate by reference paragraphs 1 through 62 as if they were set forth again herein.

79.    This action is brought by Plaintiffs as a nationwide class action, on their own behalf and on behalf of all others similarly situated.

80.    Plaintiffs seek to represent a class (hereinafter "TITL Class") consisting of all owner-operators in the United States who, after October 16, 2003, and through the pendency of this proceeding, had or should have had leases with Dynamex or its authorized agents or business affiliates ("Lessor") that are subject to 49 C.F.R. part 376.

81.    Upon information and belief, there are more than at least 1000 individual owner-operators TITL Class Members–Lessors. These individual owner-operators are residents of various states throughout the country, travel continuously and are widely dispersed geographically. Thus, joinder of all potential TITL Class Members would be impracticable.

82.    Dynamex has acted in a way that affects all members of the TITL Class–Lessors similarly and, accordingly, questions of fact and law are common to the TITL Class. Upon information and belief, the lease agreements entered by the named Plaintiffs (or the lack thereof) are materially identical to agreements entered by all potential class members. To the extent that the agreements entered by the named Plaintiffs violate TITL regulations, every agreement entered into by putative TITL class members violate these regulations in the same manner. Moreover, Dynamex has a uniform policy and practice of underpaying all putative TITL class members.

83.    The claims of the Plaintiffs are typical of the claims of the potential TITL Class. Each named Plaintiff, like each member of the potential class, was an owner-operator who

entered (or should have entered) into an agreement with Dynamex which was materially identical and similarly non-compliant with the federal TITL statute and supporting regulations. Each potential TITL class member was subject to the same unlawful policies and practices of Dynamex as experienced by the named Plaintiffs and were subject to the same scheme to reduce compensation as experienced by the named Plaintiffs.

84.    Plaintiffs are capable of fairly and adequately protecting the interests of the TITL Class because the claims of the named Plaintiffs are common to the TITL Class. Accordingly, Dynamex has engaged in a consistent course of wrongful conduct through the use of non-compliant truck lease agreements or not providing the TITL Class with written truck lease agreements. Counsel for Plaintiffs, are experienced class action attorneys and have been appointed class counsel in class actions across the country.

85.    Defendants have acted and/or failed to act on grounds generally applicable to the class as a whole, making class certification appropriate under Fed. R. Civ. P. 23(b)(2).

86.    The questions of law in this action are common to all potential class members, and predominate over questions affecting only individual members. Therefore, a class action is superior to other available methods for fair and efficient adjudication of the claims herein.

87.    Other factors favoring class include, but are not limited to:

(a) the amounts in controversy for individual owner-operators are relatively small;

(b) requiring individuals to prosecute separate actions would substantially impair or impede the individual members' ability to protect their interests;

(c) on information and belief, there is no litigation already commenced by Class Members concerning all the causes of action raised in this Complaint;

19

(d) no substantial difficulties are likely to be encountered in managing this class action.

### FOURTH CLAIM FOR RELIEF:
### UNLAWFUL PROVISION OF TRANSPORTATION SERVICES

88.     Plaintiffs re-allege and incorporate the allegations of paragraphs 1 through 62.

89.     Under federal law, an "authorized carrier may perform authorized transportation in equipment it does not own only [if there is]  a written lease granting the use of the equipment and meeting the requirements contained in § 376.12.".

90.     Defendant Dynamex is engaged in the unlawful provision of transportation services in equipment it does not own because Dynamex's Agreements with Plaintiffs--and other similarly situated  individuals--do not contain provisions required by 49 C.F.R. § 376.12. These include, but are not limited to:

> a.     not disclosing the amount deducted from the owner operator's compensation that exceeds the actual cost of the items initially paid for by Dynamex.
>
> b.     containing recitations as to how these deductions from compensation are calculated, as required by 49 C.F.R. § 376.12(h).
>
> c.     requiring the submission of documentation, which is not permitted by 49 C.F.R. § 376.12(f), before Dynamex will pay any owner-operator.
>
> d.     failing to "assume complete responsibility for the operation of the equipment for the duration of the lease" as required by 49 C.F.R. § 376.12(c) and 49 U.S.C. 14102(a)(4).
>
> e.     Requiring Plaintiffs and the potential members of the Class to pay for all costs associated with operating the equipment and not reimbursing

20

them for same. These include, but are not limited to depreciation of the
vehicle, financing costs of the equipment, repairs and maintenance,
gasoline, oil, inspections, registrations, cleaning and insurance.

91.    The failure of Dynamex to comply with the provision of 49 U.S.C. § 14102
deems Plaintiffs -- and other similarly situated individuals -- as employees of Dynamex under 49
C.F.R. § 376.12 (c)(4). Thus, the named Plaintiffs are bringing this claim for the unlawful
provision of transportation services as a nationwide class action (the "Unlawful Provision of
Transportation" Class), on their own behalf and to represent a class of individuals whose
agreements with Dynamex do not contain provisions required by 49 C.F.R.. § 376.12.

92.    Dynamex violated 49 U.S.C. § 376.12(d) by failure to give Plaintiffs and other
similarly situated members of the Class a lease which clearly states on its face the amount to be
paid by Dynamex for the equipment and drivers' service as well as 376.12(e) specifying "the
responsibility of each party with respect to the cost of fuel, fuel taxes…permits of all types,
tolls…plates and licenses…"376.12(j), the responsibility for insurance, and 376.12(f) payment
period.

93.    Upon information and belief, there are at least 1000 individuals who received
truck leases from Dynamex that are violative of 49 C.F.R. § 376.12 (or received no truck leases
at all from Dynamex). These individuals are dispersed throughout the United States and thus,
joinder of all the Unlawful Provision of Transportation Class members would be impracticable.

94.    Dynamex has acted in a way that affects all members of the Unlawful Provision
of Transportation Class similarly and, accordingly, questions of fact and law are common to the
this Class. Upon information and belief, the lease agreements entered by the named Plaintiffs (or
the lack thereof) are materially identical to agreements entered by all potential class members.

21

To the extent that the agreements entered by the named Plaintiffs violate the provision of 49 C.F.R. § 376.12, every agreement entered into by putative class members violate this regulations in the same manner.

95.    The claims of the Plaintiffs are typical of the claims of the potential Unlawful Provision of Transportation Class. Each named Plaintiff, like each member of the potential class, received a truck lease from Dynamex which was materially identical and similarly non-compliant with 49 C.F.R.C. § 376.12. Each potential Unlawful Provision of Transportation Class Member was subject to the same unlawful policies and practices of Dynamex as experienced by the named Plaintiffs.

96.    Plaintiffs are capable of fairly and adequately protecting the interests of the Unlawful Provision of Transportation Class because the claims of the named Plaintiffs are common to this class. Counsel for Plaintiffs are experienced class action attorneys and have been appointed class counsel in class actions across the country.

97.    Defendants have acted and/or failed to act on grounds generally applicable to the class as a whole, making class certification appropriate under Fed. R. Civ. P. 23(b)(2).

98.    The questions of law in this action are common to all potential class members, and predominate over questions affecting only individual members. Therefore, a class action is superior to other available methods for fair and efficient adjudication of the claims herein.

99.    As a direct and proximate result of this violation of federal law, the rights of Plaintiffs and all similarly situated individuals have been violated and they have suffered financial injury.

22

## PRAYER FOR RELIEF

Wherefore, Plaintiffs on behalf of themselves and all other similarly situated Collective Action Members and members of the Class, respectfully request that this Court grant the following relief:

a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiffs and their counsel to represent the Class;

b. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiffs and their counsel to represent the Collective Action members;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

d. An injunction against the Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e. An award of unpaid wages for hours actually worked as well as overtime compensation and/or improper wage deductions and/or reimbursement for

expenses incurred for and on behalf of Defendants due under the FLSA and the New York Labor Law;

f.   An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g.   Enter declaratory judgment that the lease agreements Dynamex entered into or should have entered into with Plaintiffs violate 49 C.F.R. §376.11(a) by failing to include certain provisions required by 49 C.F.R. § 376.12 and/or by including others that conflict with that regulatory provision;

h.   Enjoin Defendant from violations of Part 346 regulations;

i.   Certify a class compromised of lessors of motor vehicle equipment who, after October 16, 2003 and through the pendency of this proceeding, are, have been, or should have been parties to a lease agreement within the meaning of Part 376, Code of Federal Regulations, with Dynamex;

j.   Enjoin Defendants from any acts of retaliation, harassment, or intimidation against Plaintiffs and Class Members and others who may assist and/or participate in this action;

k.   Enter judgment against Defendants in favor of Plaintiffs and individual class members for restitution and disgorgement of sums unlawfully deducted from compensation in violation of 49 C.F.R. § 376.12 and for damages, pursuant to 49 U.S.C. § 14704(a)(2), including pre-and-post-judgment interest, as allowed by law;

l.   Create a common fund made up of all amounts disgorged and damages awarded to individual Class Members;

24

m.    Award class counsel reasonable attorneys' fees and expenses incurred in the

prosecution of this action to be paid out of the common fund;

n.    An award of prejudgment and postjudgment interest;

o.    An award of costs and expenses of this action together with reasonable attorneys'

and expert fees; and

p.    Such other and further relief as this Court deems just and proper.


## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand

a trial by jury on all questions of fact raised by the complaint.



Dated: New York, New York
       October 16, 2007


By: _F. Rudich_____
         Fran L. Rudich (FR 7577)

Seth R. Lesser (SL 5560)
Fran L. Rudich (FR 7577)
LOCKS LAW FIRM, PLLC
110 East 55th Street, 12th Floor
New York, New York 10022
Telephone: (212) 838-3333
Facsimile: (212) 838- 3735

Jeffrey M. Gottlieb (JG 7905)
BERGER & GOTTLIEB
150 East 18th Street, Suite PHR
New York, New York 10003
Telephone (212) 228-9795

**ATTORNEYS FOR PLAINTIFF**