UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANT*
58 South Service Rd., Ste. 410
Melville, New York  11747
(631) 247-0404
      ATTORNEYS OF RECORD:
           PAUL J. SIEGEL (PS2245)
           JEFFREY W. BRECHER, ESQ. (JB 1116)

SHUGHART THOMSON & KILROY
ATTORNEYS FOR DEFENDANT
Twelve Wyandotte Plaza
120 West 12th Street
Kansas City, MO  64105
      ATTORNEY OF RECORD
           JIM SULLIVAN (*Pro Hoc Vice Motion pending*)

*VIA ECF*

----------------------------------------------------------- x

RAMON BERRIOS and HECTOR
AZCONA DIAZ Individually and on Behalf
of All Other Persons Similarly Situated,

                      Plaintiffs,           Civ. No.: 07-CV-9293

            -against-

DYNAMEX, INC., LANDAUER           Sullivan, J.
METROPOLITAN, INC. and DOES 1
through 100, jointly and severally,

                 Defendants.

----------------------------------------------------------- x

TO:   FRAN RUDICH, ESQ. (FR 7577)
       LOCKS LAW FIRM, PLLC
       Attorneys for Plaintiff
       110 East 55th Street, 12th Floor
       New York, New York 10022
       (212) 838-3333

       JEFFREY M. GOTTLIEB, ESQ. (JG 7905)
       BERGER & GOTTLIEB
       Attorneys for Plaintiff
       150 East 18th Street, Suite PHR
       New York, New York 10003
       (212) 228-9795

## DEFENDANT DYNAMEX' SEPARATE FIRST AMENDED ANSWER TO PLAINTIFFS' COMPLAINT

Defendant DYNAMEX, INC. (hereinafter referred to as "Dynamex"), by and through its undersigned counsel, hereby respond to the allegations in Plaintiffs' RAMON BERRIOS and HECTOR AZCONA DIAZ ("Plaintiffs") Complaint as follows:

### AS TO "NATURE OF THE ACTION"

1.    Defendant denies the allegations contained in Paragraph "1" of the Complaint.

2.    Defendant denies the allegations contained in Paragraph "2" of the Complaint.

3.    Defendant denies the allegations contained in Paragraph "3" of the Complaint.

4.    Defendant denies the allegations contained in Paragraph "4" of the Complaint.

5.    Defendant denies the allegations contained in Paragraph "5" of the Complaint.

6.    Defendant denies the allegations contained in Paragraph "6" of the Complaint.

### AS TO "JURISDICTION AND VENUE"

7.    Defendant denies the allegations contained in Paragraph "7" of the Complaint, except admits the Court has subject matter jurisdiction over federal claims.

8.    Defendant denies the allegations contained in Paragraph "8" of the Complaint, except admits Plaintiffs' purport to bring a claim under the statute and regulations cited, but deny Plaintiffs are entitled to any relief.

9.      Defendant denies the allegations contained in Paragraph "9" of the Complaint, except admit Plaintiffs' purport to bring a claim under the statute and regulations cited, but deny Plaintiffs are entitled to any relief.

10.     Defendant denies the allegations contained in Paragraph "10" of the Complaint.

11.     Defendant denies the allegations contained in Paragraph "11" of the Complaint.

## AS TO "THE PARTIES"

12.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "12" of the Complaint.

13.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "13" of the Complaint.

14.     Defendant denies the allegations contained in Paragraph "14" of the Complaint, except admits Dynamex, Inc. is a Delaware corporation.

15.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "15" of the Complaint.

16.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "16" of the Complaint as to whom Plaintiffs refer, and otherwise Defendant denies the allegations contained in Paragraph "16" of the Complaint.

17.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "17" of the Complaint as to whom Plaintiffs refer, and otherwise Defendant denies the allegations contained in Paragraph "17" of the Complaint.

3

## AS TO "COLLECTIVE ACTION ALLEGATIONS"

18.    Defendant denies the allegations contained in Paragraph "18" of the Complaint.

19.    Defendant denies the allegations contained in Paragraph "19" of the Complaint.

20.    Defendant denies the allegations contained in Paragraph "20" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the experience or competence of Plaintiffs' counsel.

21.    Defendant denies the allegations contained in Paragraph "21" of the Complaint.

22.    Defendant denies the allegations contained in Paragraph "22" of the Complaint.

23.    Defendant denies the allegations contained in Paragraph "23" of the Complaint.

## AS TO "NEW YORK STATE LABOR CLAIMS"

24.    Defendant denies the allegations contained in Paragraph "24" of the Complaint, except admits Plaintiffs have filed a lawsuit on behalf of themselves and those they seek to represent, but denies they are entitled to any relief.

25.    Defendant denies the allegations contained in Paragraph "25" of the Complaint, except admits Plaintiffs have filed a lawsuit on behalf of themselves and those they seek to represent, but denies they are entitled to any relief.

26.    Defendant denies the allegations contained in Paragraph "26" of the Complaint.

27.    Defendant denies the allegations contained in Paragraph "27" of the Complaint.

4

28.    Defendant denies the allegations contained in Paragraph "28" of the Complaint.

29.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "29" of the Complaint.

30.    Defendant denies the allegations contained in Paragraph "30" of the Complaint.

31.    Defendant denies the allegations contained in Paragraph "31" of the Complaint.

## AS TO "FEDERAL REGULATORY SETTING OF TITL"

32.    Defendant denies the allegations contained in Paragraph "32" of the Complaint, except admits Plaintiffs' purport to bring a claim under the statute and regulations cited, but denies Plaintiffs are entitled to any relief.

33.    Defendant denies the allegations contained in Paragraph "33" of the Complaint, except admits Plaintiffs' purport to bring a claim under the statute and regulations cited, but deny Plaintiffs are entitled to any relief.

## AS TO "STATEMENT OF FACTS
## A.  Owners/Drivers"

34.    Defendant denies the allegations contained in Paragraph "34" of the Complaint.

35.    Defendant denies the allegations contained in Paragraph "35" of the Complaint.

36.    Defendant denies the allegations contained in Paragraph "36" of the Complaint.

37.    Defendant denies the allegations contained in Paragraph "37" of the Complaint.

38.    Defendant denies the allegations contained in Paragraph "38" of the Complaint, except admits Plaintiffs' purport to bring a claim under the statute and regulations cited, but deny Plaintiffs are entitled to any relief.

39.    Defendant denies the allegations contained in Paragraph "39" of the Complaint, except refers the Court to the document cited for its full content and meaning.

40.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "40" of the Complaint.

41.    Defendant denies the allegations contained in Paragraph "41" of the Complaint.

42.    Defendant denies the allegations contained in Paragraph "42" of the Complaint.

43.    Defendant denies the allegations contained in Paragraph "43" of the Complaint, except admits Azcona was an independent contractor.

44.    Defendant denies the allegations contained in Paragraph "44" of the Complaint.

45.    Defendant denies the allegations contained in Paragraph "45" of the Complaint.

46.    Defendant denies the allegations contained in Paragraph "46" of the Complaint.

47.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "47" of the Complaint.

48.    Defendant denies the allegations contained in Paragraph "48" of the Complaint.

49.    Defendant denies the allegations contained in Paragraph "49" of the Complaint, except admits Plaintiffs used the Roadnet software.

6

50.    Defendant denies the allegations contained in Paragraph "50" of the Complaint, except admits Plaintiffs were required to provide their own vehicles.

51.    Defendant denies the allegations contained in Paragraph "51" of the Complaint, except admits Independent Contractor drivers purchase or finance their own vehicle, pay for their own insurance, registration, inspection, repairs, maintenance, gas, oil, and other operating expenses.

52.    Defendant denies the allegations contained in Paragraph "52" of the Complaint.

53.    Defendant denies the allegations contained in Paragraph "53" of the Complaint.

54.    Defendant denies the allegations contained in Paragraph "54" of the Complaint.

55.    Defendant denies the allegations contained in Paragraph "55 of the Complaint.

56.    Defendant denies the allegations contained in Paragraph "56" of the Complaint.

## AS TO "STATEMENT OF FACTS
## B.  Named Plaintiffs"

57.    Defendant denies the allegations contained in Paragraph "57" of the Complaint.

58.    Defendant denies the allegations contained in Paragraph "58" of the Complaint, except admits that Diaz was an independent contractor.

59.    Defendant denies the allegations contained in Paragraph "59" of the Complaint.

60.    Defendant denies the allegations contained within Paragraph "60" of the Complaint.

61.    Defendant denies the allegations contained within Paragraph "61" of the Complaint.

62.    Defendant denies the allegations contained within Paragraph "62" of the Complaint.

## AS TO "FIRST CLAIM FOR RELIEF:
## FAIR LABOR STANDARDS ACT"

63.    Defendant repeats, reiterates and realleges each and every denial, admission or other response to the allegations contained in Paragraphs "1" through "62" of the Complaint, as though set forth fully herein.

64.    Defendant denies the allegations contained within Paragraph "64" of the Complaint.

65.    Defendant denies the allegations contained within Paragraph "65" of the Complaint.

66.    Defendant denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph "66" of the Complaint, except admits that during the six year period prior to the filing of the Complaint, Defendant had gross revenue in excess of $500,000.

67.    Defendant denies the allegations contained in Paragraph "67" of the Complaint.

68.    Defendant denies the allegations contained in Paragraph "68" of the Complaint.

69.    Defendant denies the allegations contained in Paragraph "69" of the Complaint.

8

2185408 1

70.    Defendant denies the allegations contained in Paragraph "70" of the Complaint.

71.    Defendant denies the allegations contained in Paragraph "71" of the Complaint.

72.    Defendant denies the allegations contained in Paragraph "72" of the Complaint.

## AS TO "SECOND CLAIM FOR RELIEF: NEW YORK LABOR LAW"

73.    Defendant repeats, reiterates and realleges each and every denial, admission or other response to the allegations contained in Paragraphs "1" through "72" of the Complaint, as though set forth fully herein.

74.    Defendant denies the allegations contained in Paragraph "74" of the Complaint.

75.    Defendant denies the allegations contained in Paragraph "75" of the Complaint.

76.    Defendant denies the allegations contained in Paragraph "76" of the Complaint.

77.    Defendant denies the allegations contained in Paragraph "77" of the Complaint.

## AS TO "THIRD CLAIM FOR RELIEF: TRUTH IN TRUCK LEASING"

78.    Defendant repeats, reiterates and realleges each and every denial, admission or other response to the allegations contained in Paragraphs "1" through "77" of the Complaint, as though set forth fully herein.

9

79.     Defendant denies the allegations contained in Paragraph "79" of the Complaint.

80.     Defendant denies the allegations contained in Paragraph "80" of the Complaint, except admits Plaintiffs have brought the present action.

81.     Defendant denies the allegations contained in Paragraph "81" of the Complaint.

82.     Defendant denies the allegations contained in Paragraph "82" of the Complaint.

83.     Defendant denies the allegations contained in Paragraph "83" of the Complaint.

84.     Defendant denies the allegations contained in Paragraph "84" of the Complaint, except denies knowledge sufficient to form a belief as to the truth of the allegations relating to the experience of Plaintiffs' counsel.

85.     Defendant denies the allegations contained in Paragraph "85" of the Complaint.

86.     Defendant denies the allegations contained in Paragraph "86" of the Complaint.

87.     Defendant denies the allegations contained in Paragraph "87" of the Complaint.

10

## AS TO "FOURTH CLAIM FOR RELIEF:
## UNLAWFUL PROVISION OF TRANSPORTATION SERVICES"

88.    Defendant repeats, reiterates and realleges each and every denial, admission or other response to the allegations contained in Paragraphs "1" through "87" of the Complaint, as though set forth fully herein.

89.    Defendant denies the allegations contained in Paragraph "89" of the Complaint, except admits Plaintiffs' purport to bring a claim under the statute and regulations cited, but deny Plaintiffs are entitled to any relief.

90.    Defendant denies the allegations contained in Paragraph "90" of the Complaint.

91.    Defendant denies the allegations contained in Paragraph "91" of the Complaint.

92.    Defendant denies the allegations contained in Paragraph "92" of the Complaint.

93.    Defendant denies the allegations contained in Paragraph "93" of the Complaint.

94.    Defendant denies the allegations contained in Paragraph "94" of the Complaint.

95.    Defendant denies the allegations contained in Paragraph "95" of the Complaint.

96.    Defendant denies the allegations contained in Paragraph "96" of the Complaint.

97.    Defendant denies the allegations contained in Paragraph "97" of the Complaint.

2185408 1

98.    Defendant denies the allegations contained in Paragraph "98" of the Complaint.

99.    Defendant denies the allegations contained in Paragraph "99" of the Complaint.

## AS TO "PRAYER FOR RELIEF"

100.    Defendant denies that Plaintiffs are entitled to any of the relief sought in paragraphs (a) through (p), or any other relief.

## AS TO ALL ALLEGATIONS

101.    Defendant denies each and every allegation not admitted unequivocally hereinabove.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof as to any of the following defenses where the law does not impose such burden on Defendant, Defendant asserts the following defenses:

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

102.    Plaintiffs' Complaint fails to state a claim upon which relief may be granted or for which the relief or recovery sought can be awarded.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

103.    At all times relevant hereto, Defendant acted in good faith and did not violate any rights which may be secured to Plaintiffs or to employees who are similarly situated under the Fair Labor Standards Act ("FLSA") or under federal, state or local laws, rules, regulations or guidelines.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

104.    Plaintiffs and the collective class or collective action members' claims should be dismissed to the extent such claims are barred, in whole or in part, by the applicable statute(s) of limitation.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

105.    To the extent Plaintiffs or any other worker was exempt from overtime pay eligibility, including, but not limited to, the exemptions set forth in 29 U.S.C § 207(i) and 213(b)(1), any claim should be dismissed.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

106.    Plaintiffs and the putative class or collective action members are not similarly situated and, as such, should not be part of a collective action under the FLSA.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

107.    Plaintiffs are not an adequate representative of the putative class or collective action and, as such, the Court should not authorize notice to be issued or a collective action to be maintained under the FLSA.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

108.    The Complaint is barred, in whole or in part, pursuant, inter alia, to the Portal-to-Portal Act and 29 U.S.C. §259(a), to the extent Defendants have, in good faith, acted in conformity with and in reliance upon written administrative regulations, interpretations and opinion letters with regard to some or all of the acts or omissions alleged in the Complaint.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

109.    The Complaint is barred, in whole or in part, because Plaintiffs failed to satisfy statutory or other prerequisites to proceed collectively under the FLSA or to maintaining a class action.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

110.    The relief sought in the Complaint is barred, in whole or in part, by the doctrines of waiver or estoppel due to the conduct of Plaintiffs, including, but not limited to, filing tax returns identifying themselves as independent contractor and negotiating payment checks.

13

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

111.    This case is not appropriate for class certification because the facts and law common to the case, if any, are insignificant compared to the individual facts and issues particular to Plaintiffs and to the purported collective or Rule 23 class members.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

112.    Plaintiffs cannot establish or maintain a collective or Rule 23 class action because it cannot be demonstrated that a class or collective action is superior to other methods available for adjudicating any controversy.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

113.    Plaintiffs cannot establish and maintain a collective or Rule 23 class action because a problem of manageability would be created by reason of the complexity or proliferation of issues in the case, as well as the diversity of job duties, shifts and supervisors of the putative Plaintiffs and the requirement of individualized analysis of allegedly unpaid wages.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

114.    Plaintiffs cannot establish and maintain a collective or Rule 23 class action under New York law because supplemental or pendent jurisdiction should not be exercised over those non-federal claims.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

115.    This action cannot be certified and pendent or other subject matter jurisdiction should not be exercised over Plaintiffs' New York Labor Law claim because, inter alia, Plaintiffs seek to evade the prohibition against maintenance of a class action set forth in Article 9 of the CPLR which bars class actions under the New York Labor Law because said statute provides for an award of liquidated damages and, as such, Plaintiffs are seeking a "penalty" which precludes pursuit of this claim as a class action.

14

## AS AND FOR AN FIFTEENTH AFFIRMATIVE DEFENSE

116.    To the extent Plaintiff or any other person lacks a claim under the Fair Labor Standards Act, there is no subject matter jurisdiction over a non-federal claim by such person in this Court.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

117.    The Complaint is barred in whole or in part by Plaintiffs' lack of standing.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

118.    Couriers are independent contractors, and therefore are not "employees" subject to the requirements of the Fair Labor Standards Act or New York's Labor Law.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

119.    Defendant is not an "employer" within the meaning of the statutes and regulations relied upon by Plaintiffs.

## AS AND FOR A NINTEENTH AFFIRMATIVE DEFENSE

120.    Plaintiffs' claims, in whole or in part, by the doctrines of set off or recoupment.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

121.    This Court does not have jurisdiction over plaintiffs' claims made under 49 U.S.C. § 14701 *et seq.* because the Surface Transportation Board and/or the Federal Motor Carrier Safety Administration have exclusive jurisdiction to hear plaintiffs' claims.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

122.    Plaintiffs' claims are barred because defendants substantially complied with the applicable regulations.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

123.    Plaintiffs claims or the claims of the putative class under 49 U.S.C. § 14701 *et seq.* are barred in whole or in part by the applicable statute of limitations.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

124.    Plaintiffs' Complaint fails to state a claim for which relief can be granted because of the doctrine of primary jurisdiction. This doctrine provides that a lawsuit should be dismissed, or at a minimum, stayed, in order to give the appropriate federal or state regulatory the opportunity to decide questions falling within the scope of the agency's knowledge, experience, and expertise.

## AS FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

125.    Plaintiffs' Complaint should be dismissed to the extent it is barred by the doctrines of res judicata and/or collateral estoppel.

**WHEREFORE**, Defendant requests that the Court:

(a) dismiss with prejudice Plaintiffs' Complaint;

(b) deny each and every demand, claim and prayer for relief contained in Plaintiffs' Complaint;

(c) deny Plaintiffs' request that this action proceed as a class or collective action;

(d) award to Defendants reimbursement for the costs, including attorneys' fees incurred in the defense of this action; and,

(e) grant such other and further relief as the Court deems just and proper.

Dated: Melville, New York
           March 4, 2008

Respectfully submitted,

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANTS*
58 South Service Road
Melville, New York 11747
(631) 247-0404

2185408 1

By: _____

PAUL J. SIEGEL (PS2245)
JEFFREY W. BRECHER, ESQ. (JB 1116)


SHUGHART THOMSON & KILROY
ATTORNEYS FOR DEFENDANT

By: _____

JIM SULLIVAN (*Pro Hoc Vice Motion pending*)

17

## CERTIFICATE OF SERVICE

I hereby certify that on the 4 day of March, 2008, <u>DEFENDANT DYNAMEX'</u> <u>SEPARATE AMENDED ANSWER TO PLAINTIFFS' COMPLAINT</u> was electronically filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, the Southern District's Local Rules, and the Southern District's Rules on Electronic Service upon the following parties and participants:

FRAN RUDICH, ESQ. (FR 7577)
LOCKS LAW FIRM, PLLC
Attorneys for Plaintiff
110 East 55th Street, 12th Floor
New York, New York 10022
(212) 838-3333

JEFFREY M. GOTTLIEB, ESQ. (JG 7905)
BERGER & GOTTLIEB
Attorneys for Plaintiff
150 East 18th Street, Suite PHR
New York, New York 10003
(212) 228-9795

PAUL I. SIEGEL (PS2245)
JEFFREY W. BRECHER, ESQ. (JB 1116)

18

2185408 1